INTERNATIONAL TELECOM, INC., doing business as LC Communication, Plaintiff–Counter–Defendant–Appellant,

v.

GENERADORA ELECTRICA DEL ORIENTE, S.A., Defendant–Counter–Claimant–Appellee,

Antonio Jorge Alvarez, Defendant–Counter–Claimant–Appellee,

Douglas Lapin, Counter–Defendant,

Telecommunicaciones De Guatemala, S.A., Defendant–Appellee.

No. 04–3295–CV.

United States Court of Appeals, Second Circuit.

April 14, 2005.

Craig P. Murphy (John D. Holden, Windels, Marx, Lane and Mittendorf, LLP, on the brief), New York, NY, for Plaintiff–Counter–Defendant–Appellant International Telecom, Inc.

Abid Quereshi (Everett C. Johnson, Jr., Latham & Watkins LLP, on the brief),

810

Washington, DC, for Defendant–Appellee Telecomunicaciones de Guatemala, S.A.

PRESENT: WALKER, Chief Judge, CARDAMONE, and B.D. PARKER, Circuit Judges.

SUMMARY ORDER

Defendant-appellant International Telecom, Inc. ("ITI") appeals from a final judgment entered on May 14, 2004, in the United States District Court for the Southern District of New York (William H. Pauley, *Judge*), *inter alia*, dismissing all claims against Telecomunicaciones de Guatemala, S.A. ("Telgua") for lack of personal jurisdiction and awarding ITI damages in the amount of $911,218.36, but excluding lost profits, against Generadora Electrica del Oriente, S.A. and Antonio Jorge Alvarez. Familiarity with the facts and procedural history is assumed.

On appeal, ITI argues that the district court erred in (1) dismissing the claims against Teglua for lack of personal jurisdiction and (2) refusing to award ITI damages for lost profits.

For substantially the same reasons set forth in the district court's opinion of March 26, 2002, we conclude that the district court properly held that the district court lacked both general and long-arm personal jurisdiction over Telgua.

We also conclude that the district court did not err in denying lost-profits damages to ITI. While we believe that the district court erred in applying the stricter new business test because ITI had been in operation for well over a year, we conclude that the denial of these damages must still be affirmed because ITI has failed to establish the claimed lost profits with "reasonable certainty," and any award of lost profits would be "speculative." *Kenford Co., Inc. v. County of Erie*, 67 N.Y.2d 257, 261, 502 N.Y.S.2d 131, 493 N.E.2d 234 (1986).

We have carefully considered ITI's other arguments and find them to be without merit.

Accordingly, and for the foregoing reasons, the judgment of the district court is hereby AFFIRMED.